RANDALL L.K.M. ROSENBERG #4847-0
CHARLES E. McKAY #3512-0
MOANA A. YOST #7738-0

ROSENBERG & McKAY
733 Bishop Street
2070 Makai Tower, Pacific Guardian Center
Honolulu, Hawaii 96813
Telephone No.: (808) 536-4270
Facsimile No.: (808) 533-0434
E-Mail: grmlaw@hawaii.rr.com

Attorneys for Plaintiffs
Michael Smith and Sandra Smith

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
2015 MAR 17 PM 1:49
F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MICHAEL SMITH and SANDRA SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL GROUP, INC. dba LIBERTY MUTUAL INSURANCE, a Foreign for Profit Corporation, JOHN AND MARY DOES 1-10; DOE, PARTNERSHIPS CORPORATIONS OR OTHER ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 15-1-0479-03 GWBC <br> (Declaratory Judgment) <br><br> COMPLAINT; SUMMONS |

COMPLAINT

Comes now Plaintiffs Michael Smith and Sandra Smith ("Plaintiffs"), by and through their attorneys, Rosenberg & McKay, and for a Complaint against the above-named Defendants, hereby alleges, affirms and avers as follows:

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT A**

1. Plaintiffs are and at all times relevant were residents of the City and County of Honolulu, State of Hawaii, and husband and wife.

2. Defendant Liberty Mutual Group, Inc. dba Liberty Mutual Insurance ("Defendant"), a Foreign for Profit Corporation, is and at all times relevant was an insurance company registered to do business in the City and County of Honolulu, State of Hawaii and incorporated under the laws of the State of Massachusetts.

3. Plaintiffs are presently unable to ascertain the true identities of Defendants John Does 1-20, who are therefore sued herein under fictitious names; said Doe Defendants are connected in some manner with the named Defendant and are the agents, servants, employees, employers, representatives, independent contractors, partners, limited partners, and/or joint venturers of the named Defendant and/or were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein and/or were in some manner responsible for the injuries and damages sustained by Plaintiffs. Pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, Plaintiffs have sued said Doe Defendants under fictitious names and will substitute the true names, identities, capacities, activities and/or responsibilities when the same are ascertained.

4. On February 4, 2011, at approximately 5:00 p.m., Plaintiff Michael Smith was driving his motor vehicle when another driver's truck slammed into the right rear of Plaintiff's vehicle. Plaintiff Michael incurred medical expenses in an amount exceeding the medical rehabilitative limit, as set forth in HRS § 431:10(c)–306, and Plaintiff Sandra had derivative claims for emotional distress and loss of consortium arising from the accident. Subsequently, Plaintiffs obtained a bodily injury policy limits settlement with the adverse driver's auto insurer.

5. At the time of the accident, Plaintiffs were insured by an auto policy issued by Defendant Liberty Mutual. Included in said policy was coverage for accidents involving

underinsured motorists ("UIM") which coverage was optional but had been specifically selected by Plaintiffs. Pursuant to Hawaii law, Plaintiffs sought and obtained Liberty Mutual's written consent to the bodily injury settlement.

6. On April 10, 2014, Plaintiffs made a demand for settlement of UIM benefits of $300,000, which included $100,000 per claim, stacked, with three insured vehicles contained in Plaintiffs' policy issued by Defendant.

7. Defendant claimed that Plaintiffs' UIM limits were non-stacked, based on a prior written rejection made by Plaintiff Sandra Smith when they initially purchased the Liberty Mutual policy nine years previously in 2005. Defendant offered Plaintiffs $100,000 in UIM benefits as the maximum available coverage under Plaintiffs' policy.

8. By agreement between Plaintiffs and Defendant, Plaintiffs accepted the $100,000 in UIM benefits offered by Defendant without releasing their claims that the full $300,000 in stacked UIM coverage was applicable to the accident under Hawaii law. Plaintiffs still seek an additional $200,000 in UIM benefits from Defendant for injuries and damages Plaintiffs sustained in the accident. Defendant continues to refuse to provide additional UIM benefits to Plaintiffs stating that $100,000 is the total and maximum UIM coverage available for the accident.

9. Plaintiffs assert that Hawaii law requires that a legally sufficient written offer of stacking UIM coverage was not made. Instructions and an explanation regarding the stacking option, as approved by legal authorities, were never transmitted to Plaintiffs and Plaintiffs mistakenly and unintentionally declined the stacking option when the policy was first purchased in 2005. Had Plaintiffs been provided with the instructions and explanation regarding the stacking option, Plaintiffs would have chosen the stacking option.

10. Plaintiffs assert that Hawaii law requires that the stacking option be re-offered, even if previously rejected, if a material change is made to the policy which is not merely a renewal or replacement policy. Plaintiffs assert that numerous material changes were made to Plaintiffs' automobile insurance policy since 2005, yet Defendant failed to re-offer the stacking option to Plaintiffs at any time. Had Plaintiffs been re-offered the stacking option with a proper explanation of the effect of the stacking option, Plaintiffs would have chosen the stacking option.

11. As a result of the above-described events and circumstances, there is an actual and continuing substantial controversy between Plaintiffs and Defendants regarding the coverage afforded under Plaintiffs' UIM policy purchased from Defendant. This controversy is of sufficient immediacy and reality to warrant a declaratory judgment.

12. A declaratory judgment will terminate the controversy.

13. Pursuant to Hawaii Revised Statutes §632-1, Plaintiffs are entitled to a declaratory judgment affirming that Plaintiffs' UIM policy provided stacked UIM coverage at the time of the subject auto accident in the total amount of $300,000 per accident.

WHEREFORE, Plaintiffs respectfully request:

1. Judgment be entered in their favor and against Defendant, declaring that, at the time of the accident on February 4, 2011, Plaintiffs were entitled to stacked UIM coverage in the total amount of $300,000 per accident;

2. Plaintiffs be awarded their attorneys' fees and costs incurred in connection with this action pursuant to Hawaii Revised Statutes § 431:10-242; and

3. Plaintiffs be awarded such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, _____MAR 17 2015_____.

_____
RANDALL L.K.M. ROSENBERG
CHARLES E. McKAY
MOANA A. YOST

Attorneys for Plaintiffs

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF,**<br><br>MICHAEL SMITH and SANDRA SMITH | VS. | **DEFENDANT.**<br><br>LIBERTY MUTUAL GROUP, INC. dba LIBERTY MUTUAL INSURANCE, a Foreign for Profit Corporation, JOHN AND MARY DOES 1-10; DOE PARTNERSHIPS CORPORATION OR OTHER ENTITIES 1-10 |
| PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)<br>Michael Smith and Sandra Smith    Tel: 536-4270<br>c/o Randall L.K.M. Rosenberg #4847-0<br>Charles E. McKay #3512-0<br>Moana A. Yost #7738-0<br>733 Bishop Street, Suite 2070<br>Honolulu, Hawaii  96813 | | |

### TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon Rosenberg & McKay, 733 Bishop Street, Suite 2070, Honolulu, Hawaii 96813 , plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.

A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.

| DATE ISSUED<br><br>MAR 17 2015 | CLERK<br><br>F. OTAKE  | |
|---|---|---|
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | |

 In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)  RevaComm 508 Certified                                                                SUMMONS TO ANSWER CIVIL COMPLAINT 1C-P-787