RODGER I. HOFFMAN  #5557-0
rodger@rmhlawhawaii.com

ROSENBERG McKAY HOFFMAN
733 Bishop Street
2070 Makai Tower, Pacific Guardian Center
Honolulu, HI  96813
Telephone No.:  (808) 536-4270
Facsimile No.: (808) 533-0434

Attorneys for Plaintiffs
Michael Smith and Sandra Smith

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL SMITH and SANDRA SMITH, | ) ) ) | CIVIL NO.: 15-00128 LEK-BMK |
| Plaintiff, | ) ) | THIRD AMENDED COMPLAINT; SUMMONS |
| vs. | ) ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, [a Foreign for Profit Corporation], | ) ) ) ) | |
| Defendant. | ) ) ) | |

### THIRD AMENDED COMPLAINT

Come now Plaintiffs Michael Smith and Sandra Smith ("Plaintiffs"), by and through their attorneys, Rosenberg McKay Hoffman, and for a Third Amended Complaint against the above-named Defendants, hereby allege, affirm and aver as follows:

1.      Plaintiffs are and at all times relevant were residents of the City and County of Honolulu, State of Hawaii, and husband and wife.

2.      Defendant Liberty Mutual Fire Insurance Company (hereinafter "Liberty Mutual") is and at all times relevant was an insurance company registered to do business in the City and County of Honolulu, State of Hawaii and incorporated under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts.

3.      Jurisdiction is established pursuant to 28 USC §1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4.      Venue is established pursuant to 28 USC §1391(b)(2) as Plaintiffs purchased their Liberty Mutual automobile insurance in Honolulu, Hawaii.

5.      On February 4, 2011, at approximately 5:00 p.m., Plaintiff Michael Smith was driving his motor vehicle when another driver's truck slammed into the right rear of Plaintiff's vehicle.  Plaintiff Michael Smith incurred medical expenses in an amount exceeding the medical rehabilitative limit, as set forth in HRS § 431:10(c)–306, and Plaintiff Sandra Smith had derivative claims for emotional distress and loss of consortium arising from the accident.  Subsequently, Plaintiffs obtained a bodily injury policy limits settlement with the adverse driver's auto insurer.

6.     At the time of the accident, Plaintiffs were insured by an auto policy issued by Defendants.  Included in said policy was coverage for accidents involving underinsured motorists ("UIM") which coverage was optional but had been specifically selected by Plaintiffs.  Pursuant to Hawaii law, Plaintiffs sought and obtained Liberty Mutual's written consent to the bodily injury settlement.

7.     On April 10, 2014, Plaintiffs made a demand for settlement of UIM benefits of $300,000, which included $100,000 per claim, stacked, with three insured vehicles contained in Plaintiffs' policy issued by Defendants.

8.     Defendants claimed that Plaintiffs' UIM limits were non-stacked, based on a prior written rejection made by Plaintiff Sandra Smith when they initially purchased the Liberty Mutual policy nine years previously in 2005.  Defendants offered Plaintiffs $100,000 in UIM benefits as the maximum available coverage under Plaintiffs' policy.

9.     By agreement between Plaintiffs and Defendants, Plaintiffs accepted the $100,000 in UIM benefits offered by Defendants without releasing their claims that the full $300,000 in stacked UIM coverage was applicable to the accident under Hawaii law.  Plaintiffs still seek an additional $200,000 in UIM benefits from Defendants for injuries and damages Plaintiffs sustained in the accident.  Defendants continue to refuse to provide additional UIM benefits to Plaintiffs stating that $100,000 is the total and maximum UIM coverage available for the accident.

3

10.     Plaintiffs assert that a legally sufficient written offer of stacking UIM coverage was not made as required by Hawaii law.  Instructions and an explanation regarding the stacking option, as approved by legal authorities, were never transmitted to Plaintiffs and Plaintiffs mistakenly and unintentionally declined the stacking option when the policy was first purchased in 2005.  Had Plaintiffs been provided with the instructions and explanation regarding the stacking option, Plaintiffs would have chosen the stacking option.

11.     Plaintiffs assert that Hawaii law requires that the stacking option be re-offered, even if previously rejected, if a material change is made to the policy which is not merely a renewal or replacement policy.  Plaintiffs assert that numerous material changes were made to Plaintiffs' automobile insurance policy since 2005, yet Defendants failed to re-offer the stacking option to Plaintiffs at any time.  Had Plaintiffs been re-offered the stacking option with a proper explanation of the effect of the stacking option, Plaintiffs would have chosen the stacking option.

12.     As a result of the above-described events and circumstances, there is an actual and continuing substantial controversy between Plaintiffs and Defendants regarding the coverage afforded under Plaintiffs' UIM policy purchased from Defendants.  This controversy is of sufficient immediacy and reality to warrant a declaratory judgment.

13.     A declaratory judgment will terminate the controversy.

4

14.     Pursuant to Hawaii Revised Statutes §632-1, Plaintiffs are entitled to a declaratory judgment affirming that Plaintiffs' UIM policy provided stacked UIM coverage at the time of the subject auto accident in the total amount of $300,000 per accident.

WHEREFORE, Plaintiffs respectfully request:

1.     Judgment be entered in their favor and against Defendants, declaring that, at the time of the accident on February 4, 2011, Plaintiffs were entitled to stacked UIM coverage in the total amount of $300,000 per accident;

2.     Plaintiffs be awarded their attorneys' fees and costs incurred in connection with this action pursuant to Hawaii Revised Statutes § 431:10-242; and

3.     Plaintiffs be awarded such other and further relief as this Court deems just and proper.

DATED:  Honolulu, Hawaii, September 15, 2016.

/s/ Rodger I. Hoffman
RODGER I. HOFFMAN

Attorneys for Plaintiffs